**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>JUAN ANTONIO VASQUEZ,<br><br>           Defendant. | 2:06-CR-196 TC<br><br>**MEMORANDUM DECISION and ORDER DENYING MOTION FOR PRODUCTION OF WITNESS STATEMENTS (JENCKS ACT MOTION)**<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Before the court is Defendant Jan Antoni Vasquez's motion demanding production of witness statements pursuant to the Jencks Act, 18 U.S.C. § 3500.[1] Defendant requests (1) any written witness statement signed, adopted, or approved by the witness; (2) any type of recording or transcription of any oral statement made by a witness and recorded contemporaneously with the making of the oral statement; and (3) any statement, however, taken or recorded, or a transcription thereof made by any grand jury witness.[2] Defendant argues, *inter alia*, that these items should be provided under the Jencks Act.[3] After reviewing the memoranda and the record in this case-including the government's policy statement concerning discovery,[4] four certificates

---

[1] Docket no. 40.
[2] *See* Mtn. p. 1-2.
[3] 18 U.S.C. § 3500.
[4] Docket no. 7.

of compliance regarding discovery,[5] and Defendants failure to adequately articulate what specific discovery is outstanding that should be provided-the court DENIES Defendants motion.

Turning to Defendants specific arguments it appears that Defendant misunderstands what discovery is required under the Jencks Act and when it is to be provided. Contrary to Defendant's arguments, the government is not required to produce any witness statements or reports, other than defendants, until that "witness has testified on direct examination in the trial of the case."[6] Further, grand jury testimony is protected by Rule 6(e) of the Federal Rules of Criminal Procedure which explicitly prohibits disclosure of "a matter occurring before the grand jury."[7] "It is well established federal law that disclosure of matters occurring before the grand jury requires a showing of particularized need before a person may have access to such materials."[8] The showing of a particularized need must be a "compelling necessity," and not simply a general need.[9]

Here, Defendant simply makes generalized requests that the material is necessary to prepare for trial. These requests fall well short of a demonstration of any particularized need. But, more troubling to the court is the fact that Defendant's counsel appears to have made similar generic requests for witness statements, including grand jury testimony, in other cases without

---

[5] Docket nos. 8, 9, 24, and 27.
[6] 18 U.S.C. § 3500(a) (Jencks Act). S*ee also*, Fed. R. Crim. P. 26.2.
[7] Fed. R. Crim. P. 6(e)(2).
[8] *United States v. Welch*, 201 F.R.D. 521, 524 (D. Utah 2001).
[9] *See id*. (citing *Unties States v. Rockwell International Corp.*, 173 F.3d 757 (10th Cir. 1999); *In re Grand Jury, 89-2*, 143 F.3d 565 (10th Cir. 1988); *In re Grand Jury, 9501*, 118 F.3d 1433 (10th Cir. 1997)).

making any attempt to tailor the motions to the specific facts of each case.[10]  Such "shotgun litigation recklessly increase[es] the amount of attorney and paralegal time spent on litigation, and the costs associated therewith,"[11] and should be avoided.  Accordingly, the court declines to release grand jury materials simply "for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information."[12]

Based on the foregoing Defendant's motion is DENIED.

DATED this 3rd day of April, 2007.

Brooke C. Wells
United States Magistrate Judge

---

[10] For example see case nos. 1:05-cr-47 docket no. 102; 1:06-cr-15 docket no. 36; 1:06-cr-93 docket no. 19; and 2:06-cr-548 docket no. 41.  Each of these "Jencks Act" motions is nearly identical.
[11] *Roth v. Green*, 2005 WL 256580 (10th Cir.) *2 fn. 1.
[12] *Rockwell International Corp.*, 173 F.3d at 760.